UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERI REDECKER-BARRY,

                Petitioner,

vs.                                      Case No.  2:05-mc-9-FtM-29SPC

UNITED STATES OF AMERICA, AmSOUTH
BANK, SUSAN STONIER,

                Respondents.
_____

**OPINION AND ORDER**

     This matter comes before the Court on consideration of petitioner's Motion to Request a De Novo Determination of December 1, 2005, Order Denying Petition to Quash IRS Form 2039 Third-Party Summons (Doc. #17), and Motion for Default Judgment (Doc. #21).

**I.**

Plaintiff Sheri Redeker-Barry initiated a Petition to Quash Summons (Doc. #1) on May 23, 2005 seeking to quash a third-party summons, and thus prevent defendant AmSouth Bank from revealing plaintiff's records to the Internal Revenue Service pursuant to 26 U.S.C. § 7609(h). On May 24, 2005, the Magistrate Judge denied the petition by Endorsed Order (Doc. #2).  On June 2, 2005, plaintiff filed a Motion for New Trial or Alter Judgment (Doc. #3) seeking a written explanation of the denial. On June 6, 2005, the Magistrate Judge entered an Order (Doc. #4) construing the motion as a motion for reconsideration, denying the motion after finding that plaintiff acknowledged that she did not have the necessary proof to

defeat the subpoena or to establish that the subpoena was issued in bad faith, and directing the Clerk to close the case.

Plaintiff filed a Notice of Appeal (Doc. #6), sought to withdraw the appeal (Doc. #8), had her appeal dismissed for lack of jurisdiction by the Eleventh Circuit Court of Appeals (Doc. #9), moved to have her appeal reinstated (Doc. #13), and had the appeal dismissed for lack of jurisdiction as the Order appealed was not final and appealable (Doc. #15).  In the interim, plaintiff moved for and was denied reconsideration on December 1, 2005.  Upon review, the Magistrate Judge found that the alleged injury was not distinct and definite under Schulz v. IRS, 395, F.3d 463 (2d Cir. 2005) and therefore the Court lacked subject-matter jurisdiction.  Plaintiff now seeks review by the District Court.

**II.**

The Summmons (Doc. #1, Ex. A) issued by the Internal Revenue Service to AmSouth Bank required the Bank to appear before Susan Stonier, Revenue Agent on May 31, 2005.  Almost a year after the summons date and four months after the issuance of an Order by the Magistrate Judge, plaintiff seeks a *de novo* review of the denial of her petition.  The motion is due to be denied as moot.

Plaintiff acknowledges,

> Due to the magistrate judge's decision not to quash the May 2, 2005 Summons, one of the Respondents/Defendants, AmSouth Bank, released, **illegally**, all the private financial information it possess, to another Respondent/Defendant, Susan Stonier, IRS Agent.  As a result of that **illegal** release, Agent Stonier, turned

>    over said information she had acquired, **illegally**, from the AmSouth Bank, to the criminal investigation department of the Department of Treasury.

(Doc. #18, p. 5)(emphasis in original). Based on the fact that the documents were provided to the Revenue Agent, the Court finds that reinstatement of this case could not provide relief. Whether reviewed under a clearly erroneous standard, or *de novo*, petitioner would not be entitled to relief since AmSouth Bank complied with the Summons and therefore there remains nothing to quash.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion to Request a De Novo Determination of December 1, 2005, Order Denying Petition to Quash IRS Form 2039 Third-Party Summons (Doc. #17) is **DENIED as moot**.

2. The Clerk shall close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of May, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of record